UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG HOLCOMB,

        Plaintiff,

-against-

IONA COLLEGE,

        Defendant.

05 CV ( ) 848

**COMPLAINT**

**JUDGE McMAHON**

    Plaintiff Craig Holcomb, by his attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for his Complaint against defendant Iona College, alleges as follows:

### Nature of Action

    1. This case arises out of Iona's unlawful termination of plaintiff Craig Holcomb who served as the Associate Head Coach of the men's basketball team at defendant Iona College ("Iona") until May, 2004. Mr. Holcomb was terminated because of his relationship with an African-American woman which Iona believed detracted from its fundraising efforts, of which efforts the basketball program was an integral component. Iona's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as amended.

### Parties and Jurisdiction

    2. Mr. Holcomb is an individual who resides in Stamford, Connecticut, 06902.

    3. Upon information and belief, Iona is a co-educational liberal arts college originally incorporated in New York under a provisional charter in 1945. Iona is principally located at 715 North Avenue, New Rochelle, New York, 10801.

436531-4

4. Iona is an employer within the meaning of 42 U.S.C.A. § 2000e-(b).

5. This Court has jurisdiction over this action under 42 U.S.C.A. § 2000e-5(f), and under 28 U.S.C.A. §§ 1331 and 1343 and § 290 *et seq.* of the Human Rights Law of the State of New York, Executive Law. Pursuant to 28 U.S.C. § 1367 this Court has jurisdiction over the claims arising under the Human Rights Law of the State of New York.

6. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391.

7. Mr. Holcomb timely filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and with the Equal Employment Opportunity Commission ("EEOC"), and brings this action within ninety (90) days of receipt of a "Notice of Right to Sue" which was issued by the EEOC on January 18, 2005, a copy of which is attached hereto as Exhibit A.

**Factual Allegations**

Mr. Holcomb's Background and Tenure at Iona

8. Mr. Holcomb earned a degree in Health Science from Brockport State College in 1986. He later received a Masters degree from Fredonia State College. Between 1986 and 1991, he was the coach of Jamestown High School's basketball and baseball programs.

9. Prior to joining Ionà, Mr. Holcomb served as an Associate Head Coach for the Spartanburg Methodist Junior College basketball team for three years. During this stint, the Spartanburg team compiled an 86-15 record, and was ranked, for a period of time, number one in the Division I Junior College rankings. During the 1994-1995 season, Spartanburg reached the junior college Division I national championship finals.

2

10. In 1995, Mr. Holcomb was hired by Iona as an Assistant Coach for the men's basketball program. Iona's men's basketball team competes in Division I-A of the National Collegiate Association for Athletics (the "NCAA"), the highest divisional level of men's collegiate basketball athletics. It is a member of the Metro Atlantic Athletic Conference (the "MAAC").

11. At the time Mr. Holcomb was hired by Iona, Jeff Ruland was the top Assistant Coach for the men's basketball team. Mr. Ruland was a former All-America player for Iona who enjoyed an extended career as a player in the National Basketball Association.

12. In 1998, Mr. Ruland was hired as the Head Coach for Iona's men's basketball team. Upon information and belief, in 2001, Mr. Ruland signed an eight (8) year employment agreement to serve as the Head Coach for the men's basketball team under which agreement Mr. Ruland became the highest paid employee at Iona. This is an example of the prominent role Iona's men's basketball program plays in school affairs. As another example, upon information and belief, the budget for Iona's men's basketball program exceeds the budget of all other Iona athletic programs combined.

13. After he became Head Coach, Mr. Ruland promoted Mr. Holcomb to the position of Associate Head Coach (the number one assistant to the Head Coach), and, in 2001, Mr. Ruland helped secure a $25,000 raise for Mr. Holcomb which represented over a 50% increase in Mr. Holcomb's salary (from $48,000 to $73,000). The prevailing practice among basketball programs, such as Iona's, is that the head coach has the final say in hiring his assistant and associate coaches. As a result, the assistant and associate

coaches serve at the discretion of the head coach and the educational institution grants the head coach virtually unfettered discretion in their hiring and termination.

14. During Mr. Holcomb's nine year tenure at Iona, the team averaged almost 19 wins per season, achieved more wins against opponents in the MAAC than any other MAAC team, including five 20-win seasons, made five post-season (three NCAA and two NIT) appearances, and had more wins than any other Division I-A men's basketball team in the New York City area. In at least five of the seasons which Mr. Holcomb was associated with the team, the team ranked first in the MAAC in field goal percentage defense. And, during Mr. Holcomb's tenure, Iona averaged placing three players per year on MAAC all-conference teams.

15. At no time during Mr. Holcomb's employment at Iona did anyone from Iona's administration question Mr. Holcomb's job performance, ability, or commitment. Indeed, throughout his employment at Iona, Mr. Holcomb received positive reviews and praise from his superiors. On several occasions, Mr. Ruland advised Mr. Holcomb that "as long as I have a job here, you have a job here."

The "Goal Club" and Iona Fundraising

16. The men's basketball program at Iona is a key source of fundraising for the College, and therefore plays a predominant role in school affairs. Aside from revenues generated by virtue of the team's participation in the MAAC, the team's successes during Mr. Holcomb's tenure led to increased alumni donations and fees from participation in the billion-dollar NCAA Tournament.

17. Among other on-campus activities, Iona sponsors the "Goal Club," an association dedicated to raising funds to support Iona's athletic programs. The men's

44.     Mr. Brennan's and Mr. Petriccione's conduct, among other factors, give rise to an inference that Mr. Holcomb's discharge took place as a result of Iona's intent to discriminate against Mr. Holcomb based on race.

45.     Iona's actions were without just and reasonable cause and constitute an unlawful discriminatory practice relating to employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as amended, and in violation of Mr. Holcomb's rights pursuant to § 290 *et seq.* of the Human Rights Law of the State of New York, Executive Law.

46.     As a result of Iona's actions, Mr. Holcomb has been damaged, in an amount to be determined at trial, but in no event less than $500,000, plus interest, and an award for the costs, fees, and expenses incurred in this action, including an award for attorney's fees.

47.     As a result of Iona's actions, as described herein, which were willful, wanton, intentional, reckless, and outrageous, Mr. Holcomb is entitled to an award for punitive damages, in an amount to be determined at trial, but in no event less than three times the award of Mr. Holcomb's actual damages.

**WHEREFORE,** Craig Holcomb respectfully requests that this Court enter judgment in his favor against Iona as follows:

(1)     An award of Mr. Holcomb's actual damages, in an amount to be determined at trial, but in no event less than $500,000, for lost wages, benefits and promotional opportunities, including an award of front pay compensating Mr. Holcomb for future salary and benefits;

(2)     An award of punitive damages, in an amount to be determined at trial,

but in no event less than $1,500,000;

      (3)      An award for Mr. Holcomb's costs, fees and expenses incurred in this action, including an award for attorney's fees; and

      (4)      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff hereby demands that the trial of this action be conducted before a jury.

Dated: January 24, 2005

                OLSHAN GRUNDMAN FROME ROSENZWEIG &
                WOLOSKY LLP
                *Attorneys for Plaintiff Craig Holcomb*

By: _____
      Thomas J. Fleming (TF-4423)
      Kenneth J. Rubinstein (KR-1410)
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022
      (212) 451-2300

436531-4